(but see *People* v. *Reese,* 258 N. Y. 89; *People* v. *Reilly,* 49 App. Div. 218, affd. 164 N. Y. 600), the allowance of only five peremptory challenges does not constitute reversible error in the absence of a showing and claim that the defendants had exhausted their five peremptory challenges (*People* v. *Capola,* 263 App. Div. 57). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN HALL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 11, 1963 after a jury trial, convicting him of burglary in the third degree and petit larceny, and imposing sentence upon him as a second felony offender. The action is remitted to the trial court for a hearing upon the issue of the voluntariness of defendant's confession and for further proceedings in accordance herewith. In the meantime this appeal will be held in abeyance. Defendant's conviction was based, in part, upon his alleged confession which the defendant contended had been coerced. The issue as to whether the confession was voluntary or involuntary was submitted to the jury. We are therefore constrained to remit this action to the trial court for further proceedings (*Jackson* v. *Denno,* 378 U. S. 368). Such proceedings shall be in accordance with the procedure prescribed by this court in its decision of December 21, 1964 (see, e.g., *People* v. *Davis,* 22 A D 2d 921), as modified and amplified by the Court of Appeals in its subsequent decision (*People* v. *Huntley,* 15 N Y 2d 72). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWIN S. LEIPZIG, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered January 28, 1964 on his plea of guilty, convicting him of grand larceny in the first degree and sentencing him to serve a term of 3½ years to 7 years. Judgment affirmed. In our opinion, the sentence was not excessive under the circumstances presented. We are also of the opinion that the consideration by the trial court of the probation report, without affording defendant an opportunity to rebut its contents, was not a violation of defendant's constitutional rights (*Williams* v. *New York,* 337 U. S. 241). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.